**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **WHEEL SPECIALTIES, LTD.,** ) | **CASE NO.4:10CV2460** |
| d/b/a Custom Wheels Unlimited ) | |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | |
| **STARR WHEEL GROUP, INC., ET AL** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion for Judgment on the Pleadings by Defendants Starr Wheel Group. Inc. and Warrior Imports, Inc.(ECF # 30). For the following reasons, the Court denies Defendants' Motion.

According to Plaintiff's Verified Complaint, Plaintiff Wheel Specialties, Ltd. ("Custom Wheels") is a designer, distributor and seller of custom-tailored automobile aftermarket wheels. Custom Wheels sells its wheels under several trademarks and has spent considerable resources developing goodwill in its products and marks.

Sometime in 2004, Custom Wheels entered into an agreement with Defendant Ningbo Baody Auto Parts Co., Ltd., ("Baody"), a Chinese company, to manufacture wheels for Custom Wheels. The agreement required Baody to manufacture certain unique styles and types of wheels containing Custom Wheels' trademarks exclusively for Custom Wheels. Baody agreed

1

not to sell the wheels to any of Custom Wheels' competitors or third parties.

Custom Wheels contends that in April 2008 Baody supplied Custom Wheels with defective wheels in breach of their contract. Furthermore, Custom Wheels discovered Baody was selling to Custom Wheels' competitors the styles and type of wheels that, under the agreement, were intended exclusively for Custom Wheels. Custom Wheels then filed suit in the case captioned *Wheels Specialties, Ltd., v. Ningbo Baody Auto Parts Co., Ltd.,* Case No. 1:09CV 2669 (the first suit), alleging claims for breach of contract, breach of warranties and covenants, fraud, estoppel and for accounting. As a result of the suit, Custom Wheels and Baody signed a Settlement Agreement on February 22, 2010, which contained mutual releases and a covenant not to sue.

According to Plaintiff's Complaint, in March of 2010 Starr Wheels emailed prospective customers that it had acquired eighty-five hundred wheels for sale at a discounted price. The acquired wheels included wheels bearing the trademarks of Custom Wheels. The email represented that the newly acquired wheels were liquidated stock shipped from China. The packing list for a shipment of wheels shows they shipped from Baody to Starr on April 4, 2010. Both Starr and Warrior sold Custom Wheels' trademarked wheels.

On June 28, 2010, Custom Wheels filed suit against Baody. On October 28, 2010, the Court dismissed the suit without prejudice for procedural reasons. That same day, Plaintiff filed this suit asserting claims against Baody, Starr and Warrior for trademark infringement, trademark counterfeiting, violation of the Lanham Act, violation of Ohio Deceptive Trade Practices Act and defamation.

Starr and Warrior move for dismissal alleging that they are Additional Releasees under

the Settlement Agreement's mutual release and covenant not to sue which bars the claims in this suit. Plaintiff contends the Settlement Agreement does not bar the claims in this suit as Starr and Warrior are not Additional Releasees, the claims post-date the Settlement Agreement and were not expressly proscribed, and there are factual disputes requiring denial of Defendants' Motion.

## **Standard of Review**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. C.iv. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almedares v. Palmer*, 284 F. Supp. 2d 799, 802 (N.D. Ohio 2003). "The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CHG Transport Inc. v. Quabecor World*, *Inc.*, 261 Fed. App'x 817, 819 (6th Cir. 2008), (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*,___ U.S. __, 129 S.Ct. 1937 (2009), discussed Twombly and provided additional analysis of the motion to dismiss standard:

3

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

Lastly, a Rule 12(c) motion "is granted when *no material issue of fact* exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).

### Starr and Warrior's Motion for Judgment on the Pleadings

Starr and Warrior's Motion for Judgment on the Pleadings contends Plaintiff's claims are barred by the release and covenant not to sue contained in the Settlement Agreement signed in 2010. The 2009 suit, filed by Custom Wheels, contained claims for breach of contract, breach of warranties and covenants, fraud, estoppel and for accounting, arising out of Baody's alleged sale of non- conforming Custom Wheels' wheels to third party competitors of Custom Wheels, including Starr and Warrior. The Settlement Agreement contained a release and covenant not to sue. Specifically the release and covenant not to sue read as follows:

> **5. Mutual Release.** In consideration of the foregoing, CWU hereby releases and discharges *__Baody and its present and former officers, directors, shareholders, employees, agents, representatives, parent companies, subsidiaries, related companies, affiliates, predecessor companies, receivers, insurers, successors and assigns (hereinafter collectively, the '"Additional Releasees")__*, from any and all claims, actions, causes of actions, suits, debts, dues, accounts, contracts, controversies, agreements, promises, representations, or damages, including but not limited to, all consequential and incidental damages, awards, demands, expenses, including attorneys' fees, interest and costs, or judgments, whatsoever in law or in equity, which [Plaintiff] ever had, now has, or hereafter may have against Baody or the *Additional Releasees* whether known or unknown, suspected or unsuspected, fixed or contingent, directly or indirectly arising out of, by reason of, in any way connected to the Parties' business relationship, the Lawsuit, the Baody Claim or otherwise, or in any way

> connected with or arising out of any matter, act, omission, cause or event that occurred prior to the date of this Agreement except as expressly stated and reserved herein. (Emphasis added).
>
> **8. Mutual Covenant Not to Sue.** The Parties covenant and agree not to commence or prosecute any action, suit, litigation, or proceeding of any type or nature, at law or in equity, against the other Party or the ***Additional Releasees*** that arises out of, relates to, or is based upon in whole or in part any subject matter released by this Agreement, except as expressly stated and reserved herein. Notwithstanding the foregoing, each Party hereto expressly reserves its right to seek enforcement of this Agreement. (Emphasis added).

According to Starr and Warrior, the claims in the above-captioned suit are all barred because they are Additional Releasees under the Settlement Agreement's release and covenant not to sue. Because Custom Wheels' claims in this suit arise from the sale of wheels produced pursuant to a contract between Baody and Custom Wheels, any claims concerning those wheels are released. Therefore, as Additional Releasees under the Settlement Agreement's release and covenant not to sue, Custom Wheels claims against them are barred.

Custom Wheels contends Defendants' Motion fails to identify how they are Additional Releasees under the Settlement Agreement. Although Defendants allege the wheels in question are the same wheels at issue in the first suit, Custom Wheels argues no such facts were alleged in its Complaint and the Court must construe all facts and inferences in favor of Plaintiff. Therefore, this presents a factual issue that cannot be resolved on a Motion for Judgment on the Pleadings.

Custom Wheels also contends that the event precipitating this latest suit-i.e. Baody's attempted sale of wheels bearing Custom Wheels' trademarks- occurred after the effective date of the Settlement Agreement and is unrelated to the events surrounding the first suit. In the prior suit, Custom Wheels alleged Baody was selling wheels that were Custom Wheels' exclusive

5

style and type to third parties. Here, Custom Wheels contends Baody sold wheels containing Custom Wheels' trademarks to Starr and Warrior after the effective date of the Settlement Agreement. Therefore, Custom Wheels argues its present claims are not barred by the Settlement Agreement. Custom Wheels contends if a trademark infringement had occurred prior to the effective date of the Settlement Agreement Custom Wheels would have included such a claim in the first suit.

## **Law and Analysis**

As an initial matter, the Court holds that it may consider the Settlement Agreement without converting Defendant's Motion for Judgment on the Pleadings to a Motion for Summary Judgment since it was referred to in Plaintiff's Complaint and was attached to Defendants' Motion for Judgment on the Pleadings. See *Commercial Money Center, Inc. v. Illinois Union Insurance Co.,* 508 F.3d 327, 335 (6th Cir. 2007).

Upon consideration of the Motion and opposing and supporting Briefs, the Court denies Defendants' Motion. Starr and Warrior's Motion is a short brief, only four pages long, and its arguments can be reduced to the following lines from their Motion:

> These defendants are successors and assigns of Ningbo and covered by the release the plaintiff entered into with co-defendant Ningbo Baody Auto Parts Co., Ltd.
>
> Because all claims regarding the wheels were released pursuant to the Settlement Agreement, any claims the plaintiff may have against Starr or Warrior have also been released by the same Settlement Agreement for the wheels at issue in this matter. Accordingly, based upon the Settlement Agreement, the plaintiff may not now assert claims against Starr Wheel and Warrior Imports, because they are barred by the Settlement Agreement.

Defendants' Motion is silent as to how they are assigns or successors to the Settlement Agreement between Baody and Custom Wheels. It is undisputed that neither Starr nor Warrior

6

were signatories to the Settlement Agreement. The only information before the Court concerning Starr and Warrior's relationship to Custom Wheels and Baody is that they were purchasers of wheels bearing Custom Wheels trademarks from Baody. Starr and Warrior point this Court to no Ohio caselaw supporting their argument that this relationship confers upon them successor or assignee status. Black's law dictionary defines an assignment as "the transfer of rights or property." Black's Law Dictionary (9th Ed.2009). "A valid assignment may be oral or written, and should satisfy the requirements of a contract, i.e., the legality of object, capacity of parties, consideration, and meeting of the minds."*Acme Co. v. Saunders TopSoil*, No. 10MA93, 2011 WL 6230529, 15 (Ohio App. 7th Dist., Dec. 7, 2011) citing 6 Ohio Jurisprudence 3d (2011), Assignments, Section 25. "An assignment, no matter how informal, may be found when there is intent on the part of the assignor to assign the rights in question, an intent on the part of the assignee to be assigned the rights in question, and valuable consideration exchanged." *Id.* Defendants point to no section of the Settlement Agreement demonstrating their status as assignees, nor do they offer any evidence of any assignment, either written or oral, by the parties to the Settlement Agreement transferring any rights therein to Defendants.

Likewise, Defendants fail to explain how they are successors to the Settlement Agreement and fail to point to any basis, whether in the terms of the Settlement Agreement or outside the Agreement, wherein they were intended beneficiaries of the Agreement or have a legal right to avail themselves of the release and covenant not sue. Therefore, Defendants' status and rights under the Settlement Agreement cannot be determined at this time without discovery.

Finally, the parties dispute whether the wheels purchased by Starr and Warrior after the

effective date of the Settlement Agreement are the same wheels released by the Settlement Agreement, thus creating an issue of fact that cannot be resolved on a Motion for Judgment on the Pleadings.

Therefore, for the foregoing reasons, the Court denies Defendants' Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

   S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

January 19, 2012