**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **WHEEL SPECIALTIES, LTD.,** ) | CASE NO.4:10CV2460 |
| d/b/a Custom Wheels Unlimited ) | |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | |
| ) | |
| **STARR WHEEL GROUP, INC., ET AL** ) | OPINION AND ORDER |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Ningbo Baody Auto Parts Co., Ltd.,'s Motion for Judgment on the Pleadings (ECF # 21). For the following reasons, the Court grants Defendant's Motion.

According to Plaintiff's Verified Complaint, Plaintiff Wheel Specialties, Ltd. ("Custom Wheels") is a designer, distributor and seller of custom-tailored automobile aftermarket wheels. Custom Wheels sells its wheels under several trademarks and has spent considerable resources developing goodwill in its products and marks.

Sometime in 2004, Custom Wheels entered into an agreement with Defendant Ningbo Baody Auto Parts Co., Ltd., ("Baody"), a Chinese company, to manufacture wheels for Custom Wheels. The agreement required Baody to manufacture certain unique styles and types of wheels containing Custom Wheels' trademarks exclusively for Custom Wheels. Baody agreed not to sell the wheels to any of Custom Wheels' competitors or third parties.

Custom Wheels contends that in April 2008 Baody supplied Custom Wheels with

defective wheels in breach of their contract. Furthermore, Custom Wheels discovered Baody was selling to Custom Wheels' competitors the styles and type of wheels that, under the agreement, were intended exclusively for Custom Wheels. Custom Wheels then filed suit in the case captioned *Wheels Specialties, Ltd., v. Ningbo Baody Auto Parts Co., Ltd.,* Case No. 1:09CV 2669 (the first suit), alleging claims for breach of contract, breach of warranties and covenants, fraud, estoppel and for accounting. As a result of the suit, the parties signed a Settlement Agreement on February 22, 2010, which contained mutual releases and a covenant not to sue.

According to Plaintiff's Complaint, in March of 2010 Starr Wheels emailed prospective customers that it had acquired eighty-five hundred wheels for sale at a discounted price. The acquired wheels included wheels bearing the trademarks of Custom Wheels. The email represented that the newly acquired wheels were liquidated stock shipped from China. The packing list for a shipment of wheels shows they shipped from Baody to Starr on April 4, 2010. Both Starr and Warrior sold Custom Wheels' trademarked wheels.

On June 28, 2010, Custom Wheels filed suit against Baody. On October 28, 2010, the Court dismissed the suit without prejudice for procedural reasons. That same day, Plaintiff filed this suit asserting claims against Baody, Starr and Warrior for trademark infringement, trademark counterfeiting, violation of the Lanham Act, violation of Ohio Deceptive Trade Practices Act and defamation.

Baody moves for dismissal alleging that the mutual release and covenant not to sue, contained in the Settlement Agreement, bars the claims in this suit. Plaintiff contends the Settlement Agreement does not bar the claims in this suit as they post-date the Settlement Agreement and were not expressly proscribed. Baody also counterclaims for attorney fees, costs

and expenses incurred for Plaintiff's alleged breach of the Settlement Agreement in filing this suit.

## Standard of Review

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. C.iv. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almedares v. Palmer*, 284 F. Supp. 2d 799, 802 (N.D. Ohio 2003). "The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CHG Transport Inc. v. Quabecor World*, *Inc.*, 261 Fed. App'x 817, 819 (6th Cir. 2008), (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*,___ U.S. __, 129 S.Ct. 1937 (2009), discussed Twombly and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead

> factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

Lastly, a Rule 12(c) motion "is granted when *no material issue of fact* exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).

### Baody's Motion for Judgment on the Pleadings

Baody's Motion for Judgment on the Pleadings contends Plaintiff's claims are barred by the release and covenant not to sue contained in the Settlement Agreement signed in 2010. The 2009 suit, filed by Custom Wheels, contained claims for breach of contract, breach of warranties and covenants, fraud, estoppel and for accounting, arising out of Baody's alleged sale of non-conforming Custom Wheels' wheels to third party competitors of Custom Wheels. The Settlement Agreement contained a release and covenant not to sue. Specifically the release and covenant not to sue read as follows:

> **5. Mutual Release.** In consideration of the foregoing, CWU hereby releases and discharges Baody and its present and former officers, directors, shareholders, employees, agents, representatives, parent companies, subsidiaries, related companies, affiliates, predecessor companies, receivers, insurers, successors and assigns (hereinafter collectively, the '"Additional Releasees"), from any and all claims, actions, causes of actions, suits, debts, dues, accounts, contracts, controversies, agreements, promises, representations, or damages, including but not limited to, all consequential and incidental damages, awards, demands, expenses, including attorneys' fees, interest and costs, or judgments, whatsoever in law or in equity, which [Plaintiff] ever had, now has, or hereafter may have against Baody or the Additional Releasees whether known or unknown, suspected or unsuspected, fixed or contingent, directly or indirectly arising out of, by reason of, in any way connected to the Parties' business relationship, the Lawsuit, the Baody Claim or otherwise, or in any way connected with or arising out of any matter, act, omission, cause or event that occurred prior to the date of this Agreement except as expressly stated and reserved herein.

> **8. Mutual Covenant Not to Sue.** The Parties covenant and agree not to commence or prosecute any action, suit, litigation, or proceeding of any type or nature, at law or in equity, against the other Party or the Additional Releasees that arises out of, relates to, or is based upon in whole or in part any subject matter released by this Agreement, except as expressly stated and reserved herein. Notwithstanding the foregoing, each Party hereto expressly reserves its right to seek enforcement of this Agreement.

According to Baody, the claims in the above-captioned suit are all barred by the release and covenant not to sue as they arise from the parties business relationship and or the subject matter of the prior suit, namely the production and sale of Custom Wheels' wheels to third party competitors.  In this suit, Custom Wheels alleges Baody is selling copies of Custom Wheels' wheels bearing counterfeits of Custom Wheels' trademarks to its competitors.  The wheels in question, according to Baody, are the same wheels involved in the first suit.  Therefore, the Settlement Agreement's release and covenant not to sue governs and bars this action.

### Custom Wheels' Opposition to Baody's Motion

Custom Wheels opposes Baody's Motion on several grounds.  First, Custom Wheels contends Baody's Motion relies on facts and documents that are not alleged in Custom Wheels' Complaint or attached to its Complaint.  According to Custom Wheels, Baody alleges it sold wheels manufactured for Custom Wheels to third party distributors prior to Custom Wheels filing its first suit. Baody also contends the wheels at issue in this suit are the same wheels at issue in the first suit.  Neither of these allegations are alleged by Custom Wheels in its Complaint.  Therefore, according to Custom Wheels, Baody cannot rely on its own recitation of the facts and the Court must construe all Custom Wheels' factual allegations as true on the Motion for Judgment on the Pleadings.  In the alternative, Custom Wheels contends it creates a disputed issue of fact that cannot be determined on a Motion for Judgment on the Pleadings.

5

Furthermore, Baody relies on the Settlement Agreement that was referred to in Custom Wheels' Complaint but was not attached and is not central to Custom Wheels' claims. Therefore, it is extrinsic evidence that cannot be considered by the Court without converting the Motion for Judgment on the Pleadings to a Motion for Summary Judgment.

Custom Wheels also contends that the event precipitating this latest suit-i.e. Baody's attempted sale of wheels bearing Custom Wheels' trademarks- occurred after the effective date of the Settlement Agreement and is unrelated to the events surrounding the first suit. In the prior suit, Custom Wheels alleged Baody was selling wheels that were Custom Wheels' exclusive style and type to third parties. Here, Custom Wheels contends Baody sold wheels containing Custom Wheels' trademarks. Therefore, Custom Wheels argues its present claims are not barred by the Settlement Agreement. Custom Wheels contends if a trademark infringement had occurred prior to the effective date of the Settlement Agreement Custom Wheels would have included such a claim in the first suit.

Custom Wheels also argues that the claims in this suit do not arise from the parties' business relationship since the sale of the wheels bearing Custom Wheels' trademarks occurred after the date of the Settlement Agreement which concluded the parties' business relationship.

Finally, Custom Wheels contends that Baody's sale of infringing wheels was a willful act and Ohio law holds that a release does not bar a claim alleging willful or wanton misconduct.

## **Law and Analysis**

As an initial matter, the Court holds that it may consider the Settlement Agreement without converting Defendant's Motion for Judgment on the Pleadings to a Motion for Summary Judgment since it was referred to in Plaintiff's Complaint and was attached to Defendant's

Answer and Counterclaim.  See *Commercial Money Center, Inc. v. Illinois Union Insurance Co.,* 508 F.3d 327, 335 (6th Cir. 2007).  See also *Soddu v. Proctor & Gamble Co.*, No. 1:08cv693, 2009 WL 7154444, *5 (S.D. Ohio Nov. 10, 2009) (settlement agreements should be considered on motion for judgment on the pleadings when they are mentioned in Plaintiff's Complaint and are attached as an exhibit to Defendant's Answer).

It is important to note that neither party contends the language of the Settlement Agreement is ambiguous, nor do they argue that there was any fraudulent conduct, fraudulent inducement nor duress in entering into the Settlement Agreement.  Therefore, the plain language of the Settlement Agreement controls and the Court need not consider outside evidence of the parties' intent.  "Only where the language of a contract is unclear or ambiguous or the circumstances surrounding the agreement endow the language with special meaning will extrinsic evidence be considered to give effect to the parties' intentions." *Waste Management, Inc. v. Rice Danis Industries Corp.* 257 F.Supp.2d 1076, 1083 (S.D.Ohio 2003) citing *Shifrin v. Forest City Enterprises., Inc.,* 64 Ohio St.3d 635, 597 N.E.2d 499, syllabus (1992).

The Settlement Agreement further represents that both parties, who are sophisticated commercial entities,  were represented by counsel at the time of the Settlement Agreement. (Settlement Agreement ¶ 16).  Therefore, the Court must give effect to the broad terminology used by the parties to resolve their disputes.

Ohio law recognizes that valid releases are enforceable.  "A release of a cause of action is ordinarily an absolute bar to a later action on any claim encompassed within the release." *Haller v. Borror Corp.,* 50 Ohio St.3d 10, 13 (Ohio 1990).

Having considered the plain language of the Settlement Agreement, the Court finds that

all Plaintiff's claims against Baody are barred by the broad language of the mutual release and covenant not to sue. Contrary to Custom Wheels' assertions, the plain language of the mutual release bars future as well as past and present claims. The broad wording of the release encompasses " any and all claims, actions, causes of actions, suits, debts, dues, accounts, contracts, controversies, agreements, promises, representations, or damages... which [Custom Wheels] ever had, now has, or hereafter may have against Baody." The express language of the release is written very broadly, releases all claims, including future claims, and is not limited to claims existing at the time of the Settlement Agreement. This conclusion is further supported by the additional language of the release wherein it states:

> whether known or unknown, suspected or unsuspected, fixed or contingent, directly or indirectly arising out of, by reason of, in any way connected to the Parties' business relationship, the Lawsuit, the Baody Claim or otherwise, ***or*** in any way connected with or arising out of any matter, act, omission, cause or event that occurred prior to the date of this Agreement except as expressly stated and reserved herein. (Emphasis added).

By using the disjunctive term "or ", the language of the mutual release clearly contemplates releasing claims that occur after the date of the settlement agreement. Therefore, in applying the ordinary meaning of the words of the release, the Court finds the parties' released past, present and future claims. Furthermore, the covenant not to sue contains no time limitations; instead it bars any suit that "arises out of, relates to, or is based upon in whole or in part any subject matter released by this Agreement." The Sixth Circuit has held, "this Court, while interpreting Ohio law, has repeatedly enforced covenants not to sue." *Aho v. Cleveland-Cliffs, Inc.,* 210 Fed App'x. 419, \*5 (6th Cir. 2007).[1] Therefore, even though Baody's sale of

---

[1] The parties do not contest that Ohio law governs the disputes in this matter.

8

infringing wheels may have occurred after the effective date of the Settlement Agreement, Custom Wheels claims are still barred by the Settlement Agreement as they arise out of, relate to, or are based at least in part on, the sale of wheels manufactured by Baody and bearing the trademarks of Custom Wheels to third party competitors of Custom Wheels.

Baody began producing wheels bearing Custom Wheels' Marks sometime in 2004 pursuant to an agreement. (Plaintiff's Complaint ¶ 27, 28). Custom Wheels' Verified Complaint alleges Baody began selling counterfeit wheels bearing Custom Wheels' trademarks shortly after the effective date of the Settlement Agreement and continues to offer for sale such wheels. Baody contends these wheels are the same wheels manufactured under the contract between Baody and Custom Wheels that were ultimately rejected by Custom Wheels and were the subject of the original suit settled by the Settlement Agreement. While this presents, on its face, a factual dispute, the Court need not resolve this dispute in order to render a decision. Regardless of whether the alleged infringing wheels are the same wheels that were the subject of the original suit, Baody's production of wheels bearing Custom Wheels trademarks and subsequent sale to third-party competitors logically relates to the parties' business relationship and/or the subject matter of the first suit.

First, the Settlement Agreement recites the allegations that Custom Wheels contracted with Baody to supply unique wheels, bearing Custom Wheels' trademarks, exclusively for Custom Wheels and that Baody failed to perform its obligations under the contract by producing defective wheels, selling the unique wheels to third party competitors of Custom Wheels and injuring Custom Wheels reputation in the marketplace. The Settlement Agreement also states it resolves Baody's claim for non-payment of the unique wheels supplied to Custom Wheels. The

claims in the present suit allege Baody is selling wheels bearing Custom Wheels' trademarks to third party competitors, injuring Custom Wheels' reputation in the process.  Such claims are nearly identical in facts to those in the original suit and evidence conduct similar to that Custom Wheels complained about in the first suit.  It also goes without saying that, but for the parties business relationship, Baody would never have produced wheels according to Custom Wheels specifications and bearing Custom Wheels trademarks since Plaintiff's own Complaint acknowledges that Baody only began producing Custom Wheels wheels in 2004 pursuant to the parties' contract.  ( See Plaintiff's Verified Complaint  ¶ 28, wherein it states that under the 2004 contract between Baody and Custom Wheels, Baody manufactured the wheels for Custom Wheels "that would bear the trademarks owned by Custom Wheels.")   Therefore, the present claims relate to the parties' relationship and the subject matter of the first suit and are therefore, barred.

Plaintiff also attached a number of exhibits to its Complaint, including one attached as Exhibit G  captioned  PF46 Packing List (2).txt.   "Documents attached to the pleadings as exhibits are considered incorporated therein and may be considered in evaluating a Rule 12(c) motion." *Ruffing v. Masterbuilt Tool & Die, LLC,* No. 1-08cv-1264, 2009 WL 185950, * 5 (N.D. Ohio, Jan. 23, 2009) *citing* Fed. R. Civ. P. 10(c). On page 9 of the exhibit there is an email from Cathy of Baody to an account holder alleged by Custom Wheels to be third party competitors of Custom Wheels.  The subject line of the email is entitled "overstock list."  According to Plaintiff's Complaint, this exhibit shows that Baody is representing to third parties that Custom Wheels is in bankruptcy and/or owes Baody a large amount of money and therefore, the wheels are open for sale.  The email demonstrates that at least one reason for the sale is that companies,

10

including Custom Wheels, owe Baody money.  The Settlement Agreement involved both Custom Wheels' claims against Baody and Baody's claim that it was owed money by Custom Wheels.  Therefore, Plaintiff's own exhibit to its Complaint demonstrates that the sale of wheels to third parties involves, and is related, whether directly or indirectly, to Baody's claim against Custom Wheels for monies owed that was resolved by the Settlement Agreement.

The Court also finds that the cases Plaintiff cites as supporting its contention that willful conduct on the part of Baody cannot be released are inapplicable to the facts in this suit.  Both cases, *Richard A. Berjian, D.O., Inc. v. Ohio Bell Tel. Co.,* 54 Ohio St. 2d 147 (1978), and *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St. 3d 367 (1998), involve limitation of liability clauses, which were not contained in settlement agreements between sophisticated commercial entities and are, therefore, not applicable to the facts in this case.

Likewise Plaintiff's claim for defamation against Baody is barred by the plain language of the release and covenant not to sue.  Plaintiff contends Baody represented to third parties that Baody could sell wheels bearing Custom Wheels' trademarks because Custom Wheels was bankrupt and/or owed Baody substantial amounts of money.  This claim relates to the parties' business relationship and/or arises from Baody's claim in the first suit that Custom Wheels owed it money.  Because all Plaintiff's claims, including its defamation claim, were released and are governed by the covenant not to sue, Defendant Baody is entitled to Judgment on the Pleadings and the Court grants Baody's Motion.

Baody further moves on its Counterclaim that it is entitled to reasonable attorney fees, costs and expenses for Plaintiff's breach of the Settlement Agreement.  The Settlement Agreement expressly states, " each Party hereto expressly reserves its right to seek enforcement

11

of this Agreement." (Settlement Agreement ¶ 8). Because the Court has already determined that the mutual release and covenant not sue apply to Plaintiff's claims, the Court holds that Defendant Baody is entitled to its reasonable fees, costs and expenses for bringing this suit.

In short, a plain reading of the broad language of the release clearly demonstrates the parties' intent to severely curtail any possible further legal entanglements. Indeed, given the broad wording of the mutual release and covenant not to sue, it is hard to fathom any claim by the parties, involving the sale of wheels, that would not be barred. Therefore, the Court grants Baody's Motion for Judgment on the Pleadings and dismisses Plaintiff's claims against it with prejudice.

The Court further grants Baody's Motion on its Counterclaim for breach of the Settlement Agreement. Since Baody seeks only costs, fees and expenses, the Court orders Baody to submit an itemized list of fees, costs and expenses incurred, supported by an affidavit, as a result of Custom Wheels breach no later that January 27, 2012. Custom Wheels shall file its opposition to the fees, costs and expenses sought no later than February 10, 2012.

IT IS SO ORDERED.

     S/Christopher A. Boyko
     CHRISTOPHER A. BOYKO
     United States District Judge

January 19, 2012